UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN - 9 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NO. B-07-855 |
| | § | |
| TOMMY EDWARD LeTOURNEAU | § | |

**MEMORANDUM OPINION AND ORDER**

Before this Court is a motion by defendant, Tommy Edward LeTouraneau, to dismiss the indictment against him. (Docket No. 11). LeTourneau filed a memorandum in support and the government has filed an opposition to the motion. (Docket No. 13). The Court orally announced its decision denying LeTourneau's motion on November 27, 2007 at a Pre-Trial Conference, but has written this order to memorialize the ruling.

**I.      BACKGROUND**

For purposes of reviewing a motion to dismiss an indictment, the Court assumes the truth of what the indictment alleges. *See United States v. Afshari*, 426 F.3d 1150, 1153 (9th Cir. 2005). A Court can also consider facts agreed upon by the parties. *See, e.g., United States v. Dixon*, No. 3:07-CR-72(01) RM, 2007 WL 4553720 (N.D. Ind. Dec. 18, 2007).

The Government presented facts on which the indictment is based as a part of its response to the motion to dismiss and during subsequent hearings on this case. (*See* Docket No. 13); (Pre-Trial Conference, November 17, 2007); (Final Pre-Trial Conference, January 8, 2008). Defendant never objected to any of the facts presented by the Government with regard to the motion dismiss and Defendant's counsel conceded in open court that LeTourneau has a conviction which would require registration under SORNA. (*See* Final Pre-Trial Conference, January 8, 2008). This Court

1

will, therefore, deem the facts as follows to have been agreed upon by the parties for purposes of ruling on this motion to dismiss: LeTourneau was convicted of Attempted Aggravated Sexual Battery in Sullivan County, Tennessee on August 19, 2004. (*See* Indictment, Docket No. 5 [hereinafter Indictment]); (Docket No. 13). This conviction required him to register as a sex offender under Tennessee law. (*Id.*) He was also required to report to a law enforcement agency within 48 hours of changing his address, employment, vocation, or becoming a student in Tennessee. (*Id.*) LeTourneau initially registered while in prison in Tennessee. (*Id.*)

After release from custody in June 26, 2007, LeTourneau soon thereafter traveled from Tennessee to Texas. (Docket No. 13). He has since been living and working in Brownsville, Texas. (*Id.*) LeTourneau never registered these changes with the proper authorities in Tennessee, nor did he register as a sex offender in Texas. (*Id.*)

LeTourneau was indicted on September 18, 2007 for failing to register and update his registration after traveling in interstate commerce as required by the Sex Offender Registration and Notification Act ("SORNA"). (Docket No. 5).

He challenges his indictment on four grounds:

    (i)    SORNA violates the *ex post facto* clause by applying its registration requirements to convictions that occurred prior to the enactment of SORNA, creating "an enhanced penalty that did not exist at the time the offense in issue was committed . . . ."

    (ii)    He lacked constitutionally adequate notice of SORNA's registration requirements.

    (iii)    The indictment failed to allege all elements of the charged offense.

   (iv) SORNA violates the non-delegation doctrine by directing the Attorney General to decide which offenders with convictions predating SORNA are subject to the registration requirements. (Docket No. 11).

**II. THE SEX OFFENDER REGISTRATION AND NOTIFICATION ACT ("SORNA")**

  The Adam Walsh Child Protection and Safety Act of 2006 (the "Walsh Act") was enacted on July 27, 2006, while LeTourneau was still in the custody of the Tennessee authorities. Title I of the Walsh Act is the Sex Offender Registration and Notification Act ("SORNA"). 42 U.S.C. § 16911. All jurisdictions must maintain a sex offender registry that conforms to the requirements of SORNA. 42 U.S.C. § 16912.

  SORNA makes it a federal crime for anyone required to register as a sex offender to travel in interstate commerce and knowingly fail to register or update his or her registration. 18 U.S.C. § 2250(a). A defendants is subject to SORNA's provisions if (i) he or she has a state law sex offense requiring registration as a sex offender; (ii) then travels in interstate commerce; and (iii) knowingly fails to register or update his or her registration as required by state law. *See* 42 U.S.C. §§ 16911, 16912, 16913; *United States v. Pitts*, Crim. No. 07-157-A, 2007 WL 3353423, at *3 (M.D. La. Nov. 7, 2007).

  The Attorney General has authority to specify the applicability of the requirements of SORNA to sex offenders convicted prior to July 27, 2006 and to prescribe the rules for the registration of those sex offenders. 42 U.S.C. § 16913(d). The Attorney General issued a regulation on February 28, 2007 stating, in pertinent part, that "[t]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of [an] offense for which registration is required prior to enactment of [SORNA]." 28 C.F.R. § 72.3. SORNA therefore applies to any defendant convicted

3

and required to register under state law, regardless of the date of conviction, who travels in interstate commerce and knowingly fails to update his or her registration. *See Pitts*, 2007 WL 3353423 at *3.

### III. *EX POST FACTO* CLAUSE

LeTourneau argues his indictment must be dismissed because SORNA requires a retroactive application of the statute to a conviction existing prior to the enactment of SORNA. (Docket No. 11). Specifically, LeTourneau alleges SORNA violates the *ex post facto* clause of the United States Constitution, U.S. CONST. Art. I, § 9, cl. 3, by imposing an enhanced penalty that did not exist at the time he committed the sex offense for which he was convicted in 2004. (Docket No. 11).

### A. SORNA Does Not Implicate the *Ex Post Facto* Doctrine Because it is Civil and Nonpunitive in Nature

The constitutional prohibition of the *ex post facto* doctrine applies "only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41(1990). This Court must therefore "ascertain whether [Congress] meant the statute to establish 'civil proceedings.'" *Smith v. Doe*, 538 U.S. 84, 92 (2003). If a law, however, despite being civil and nonpunitive on its face, is so punitive in purpose or effect as to negate the intent of the legislature, then it will be in violation of the Constitution. *Id.*

In *Smith*, the Supreme Court considered a sex offender registration and notification law enacted by the Alaska State Legislature. *See generally Smith v. Doe*, 538 U.S. 84 (2003). After considering the statute's text and structure, the Supreme Court held "the intent of the Alaska legislature was to create a civil nonpunitive regime." *Id.* at 96. Imposing restrictive measures on sex offenders adjudicated to be dangerous is a "legitimate nonpunitive governmental objective . . ."

4

*Id.* at 93. The Supreme Court concluded that the retroactive application of a sex offender registration does not violate the *ex post facto* clause. *See id.* at 97-98.

The stated purpose of SORNA is "to protect the public from sex offenders and offenders against children . . . [and to] establish[] a comprehensive national system for the registration of [sex] offenders." 42 U.S.C. § 16901. SORNA's registration requirement is functionally indistinguishable from the Alaskan requirement at issue in *Smith*. *United States v. Gill*, No. 2:06-cr-00725 PGC, 2007 WL 3018909, at *3 (D. Utah Oct. 15, 2007). The registration scheme established by SORNA has not historically been regarded as a punishment, does not impose an affirmative disability or restraint, does not promote the traditional aims of punishments, has a rational connection to a nonpunitive purpose, and is not excessive with respect to the nonpunitive purpose. *United States v. Madera*, 474 F. Supp. 2d 1257, 1263 (M.D. Fla.); *see Smith*, 538 U.S. at 97. Relying on *Smith v. Doe*, all courts reviewing SORNA have held that SORNA does not generally violate the *ex post facto* clause.[1]

SORNA thus does not violate the *ex post facto* clause by imposing registration requirements and possible criminal punishment for failure to register. LeTourneau cannot have his indictment

---

[1] *See United States v. Pitts*, Crim. No. 07-157-A, 2007 WL 3353423, at *5-6 (M.D. La. Nov. 7, 2007); *United States v. Carr*, No. 1:07-cr-73, 2007 WL 3256600, at *2 (N.D. Ind. Nov. 2, 2007); *United States v. Gill*, 2007 WL 3018909, at *3; *United States v. Ambert*, No. 4:07-cr-053-SPM, 2007 WL 2949476, at *5 (N.D. Fla. Oct. 10, 2007); *Levine v. Pennsylvania State Police*, No. 4:07-cv-1453, 2007 WL 3033951, at *4 (M.D. Pa. Oct. 16, 2007); *United States v. Lovejoy*, No. 4:07-cr-061, 2007 WL 2812681, at *6 (D.N.D. Sept. 28, 2007); *United States v. May*, No. 4:07-cr-00164-JEG, 1:07-cr-00059-JEG, 2007 WL 2790388, at *5 (S.D. Iowa Sept. 24, 2007); *United States v. Patterson*, No. 8:07CR159, 2007 WL 2904099, at *8 (D. Neb. Sept. 21, 2007); *United States v. Cole*, No. 07-CR-30062-DRH, 2007 WL 2714111, at *3 (S.D. Ill. Sept. 17, 2007); *United States v. Stinson*, 507 F. Supp. 2d 560, 565 (S.D.W. Va. Sept. 7, 2007); *United States v. Kelton*, No. 5:07-CR-30OC10GRJ, 2006 WL 2572204, at *1 (M.D.Fla. Sept. 5, 2007); *United States v. Torres*, No. 07-50035, 2007 WL 2343884, at *2 (W.D. Ark. Aug. 15, 2007); *United States v. Gonzales*, No. 5:07CR27-RS, 2007 WL 2298004, at *10 (N.D. Fla. Aug. 9, 2007); *United States v. Mason*, No. 607CR52ORL19JGG, 2007 WL 1521515, at *4 (M.D. Fla. May 22, 2007); *United States v. Markel*, No. 06-20004, 2007 WL 1100416, at *1-2 (W.D. Ark. Apr. 11, 2007); *United States v. Templeton*, No. CR-06-291-M, 2007 WL 445481, at *5 (W.D. Okla. Feb. 7, 2007; *United States v. Madera*, 474 F. Supp. 2d 1257, 1264 (M.D. Fla. Jan. 16, 2007).

dismissed merely because he is required to register and is subject to the consequences of updating his registration as required by SORNA.

Since the conduct criminalized by SORNA is "traveling in interstate commerce and subsequently failing to register," a number of courts have held that charging a defendant with a violation of SORNA for travel prior to the effective date of SORNA (either July 27, 2006 or February 28, 2007)[2] violates the *ex post facto* clause because that travel was only a misdemeanor prior to the enactment of SORNA.[3] Here, LeTourneau traveled at some point between June and July 2007, well after the Attorney General specified the rules for registering sex offenders convicted prior to SORNA. (Docket No. 13). This case does not implicate the *ex post facto* concerns raised by the "prior-to-effective date" interstate travel cases.

    B.    <u>SORNA Does Not Implicate the *Ex Post Facto* Doctrine Because the Conduct "Punished" Did Not Occur Until After SORNA Was Enacted</u>

A few courts address *ex post facto* issues raised under SORNA by focusing on the conduct required to violate SORNA. *See Carr*, 2007 WL 325660, at *3; *Ambert*, 2007 WL 2949476, at *5; *Mason*, 2007 WL 1521515, at *3; *Templeton*, 2007 WL 445481, at *5. These courts also find that SORNA does not violate the *ex post facto* clause. *See id*.

---

[2] SORNA was enacted on July 27, 2006. On February 28, 2007, the requirements of SORNA were applied to sex offenders who were convicted prior to July 27, 2006. There is a split among district courts about whether applying SORNA to travel prior to July 27, 2006 or February 28, 2007 implicates the *ex post facto* clause. This case does not implicate this split of authority, because LeTourneau traveled **after** February 28, 2007.

[3] *See United States v. Wilson*, No. 2:06-CR867 TC, 2007 WL 3046290, *2 (D. Utah Oct. 16, 2007); *United States v. Gill*, No. 2:06-CR-00725, 2007 WL 3018909, at *6 (D. Utah Oct. 15, 2007); *United States v. Deese*, No. CR-07-167-L, 2007 WL 2778362, at *3 (W.D. Okla. Sept. 21, 2007); *United States v. Patterson*, No. 8:07CR159, 2007 WL 2904099, at *8 (D. Neb. Sept. 21, 2007); *United States v. Cole*, No. 07-CR-30062-DRH, 2007 WL 271411, at *3 (S.D. Ill. Sept. 17, 2007); *United States v. Stinson*, 507 F. Supp. 2d 560, 568-69 (S.D.W. Va. 2007); *United States v. Muzio*, No. 407CR179 CDP, 2007 WL 2159462, at *6 (E.D. Mo. July 26, 2007); *United States v. Kapp*, 487 F. Supp. 536, 543. (M.D. Pa. 2007).

A law violates the *ex post facto* clause if it (i) punishes as a crime an act that was not criminal when it was committed or (ii) makes the punishment for a crime greater than when the crime was committed. *Collins v. Youngblood*, 497 U.S. 37, 52 (1990). SORNA does not punish a defendant for the sexual offense committed prior to the enactment of SORNA, but rather traveling in interstate commerce and failing to register after SORNA became effective. *Carr*, 2007 WL 325660, at *3; *Ambert*, 2007 WL 2949476, at *5; *Mason*, 2007 WL 1521515, at *3; *Templeton*, 2007 WL 445481, at *5. LeTourneau's motion to dismiss fails on this aspect of the *ex post facto* doctrine as well.

### IV.  CONSTITUTIONALLY ADEQUATE NOTICE

LeTourneau argues that the Attorney General has not promulgated rules or policies to notify offenders whose convictions pre-dated SORNA of the statute's registration requirements and that LeTourneau, therefore, could not have been provided notice under SORNA. (Docket No. 11). He also argues that any notification he may have received of his obligation to register under state law was not constitutionally adequate notice for SORNA because he was entitled to notice of the heightened penalties for failure to register under SORNA. (Docket No. 11).

Under SORNA, an official should inform a sex offender of his duties as a sex offender under SORNA and explain those duties prior to the sex offender's release. 42 U.S.C. § 16917(a)(1). A sex offender's obligations under SORNA are, however, based only on the defendants prior obligations to register under state law. *See Marcantonio*, 2007 WL 2230773, at *2. Where a defendant is already under an obligation to register under state law SORNA does not create any additional duties for the defendant. *See Marcantonio*, 2007 WL 2230773 at *2. Thus, the issue before this Court is whether a defendant convicted prior to the enactment of SORNA, who was fully informed of his obligation to register and update his registration pursuant to state law, meets the

registration obligations of SORNA. *See United States v. Adkins*, No. 1:07-CR-59, 2007 WL 4335457, *6 (N.D. Ind. Dec. 7, 2007).

The issue of notice in SORNA is different from the situation presented to the United States Supreme Court in *Lambert v. California*, where a conviction for failure to register was overturned because the defendant had no actual knowledge of a duty to register as a felon. *See* 355 U.S. 225, 227-29 (1957). The *Lambert* holding only applies when a "person, wholly passive and unaware of any wrongdoing, is brought to the bar of justice for condemnation in a criminal case." *Id.* at 228. *Lambert* is inapplicable to the vast majority of cases under SORNA because most defendants have been shown to be well aware of their duty to keep their registration current and to update their registration upon moving to a new state. *See, e.g., United States v. Gould*, Crim. No. WDQ-07-0359, 2007 WL 4371418, at *3-4 (D. Md. Dec. 13, 2007). All but two courts reviewing the issue of due process and constitutional notice have, therefore, held that a sex offender's awareness of his duty under the state law of conviction to update his registration qualifies as constitutionally effective notice under SORNA.[4]

Tennessee requires all registered sex offenders to report to a designated law enforcement agency after the offender moves to another state. Tenn. Code § 40-39-208(a)(9). Upon moving to Texas, LeTourneau was required to notify the proper Tennessee authorities. *See id.* On June 19, 2007, LeTourneau signed a Tennessee Bureau of Investigation Sexual Offender/Violent Offender

---

[4] *See United States v. Dixon*, No. 3:07-CR-72(01) RM, 2007 WL 4553720, *3-4 (N.D. Ind. Dec. 18, 2007); *United States v. Gould*, Crim. No. WDQ-07-0359, 2007 WL 4371418, at *3-4 (D. Md. Dec. 13, 2007); *United States v. Elliott*, No. 07-14059-CR, 2007 WL 4365599, *7 (S.D. Fla. Dec. 13, 2007); *United States v. Brown*, No. 07-cr-485(HB), 2007 WL 4372829, at *4 (S.D.N.Y. Dec. 12, 2007); *United States v. Adkins*, No. 1:07-CR-59, 2007 WL 4335457, at *5-6 (N.D. Ind. Dec. 7, 2007); *United States v. Cardenas*, No. 07-80108-CR, 2007 WL 4245913, at *13-14 (S.D. Fla., Nov. 29, 2007); *Ambert*, 2007 WL 2949476, at *2; *Mitchell*, 2007 WL 2609874, at *2; *Torres*, 2007 WL 2343884, at *2; *Marcantonio*, 2007 WL 2230773, at *1; *Madera*, 474 F. Supp. 2d at 1262; *Markel*, 2007 WL 1100416, at *2; *Mason*, 2007 WL 1521515, at *3.

Instructions and registered as a sex offender in Tennessee. (*See* Tennessee Bureau of Investigation Sexual Offender/Violent Sexual Offender Instructions signed by LeTourneau on June 19, 2007 [hereinafter Instructions], attached as Exhibit A).

By signing these Instructions, LeTourneau acknowledged that he read and was aware of, among other requirements, his duty to update his registration <u>when he moves to another state</u>, and that a failure to update his registration upon moving was a Class E felony under Tennessee's registration laws. (*Id.*); *see* Tenn. Code § 40-39-208(a)(9). When LeTourneau moved to Texas, and failed to register, his prior knowledge of his duty to update his registration under Tennessee state law qualified as effective notice under SORNA.[5] LeTourneau's motion to dismiss for lack of constitutionally adequate notice, therefore, fails on this ground.

Two courts have found that a defendant failed to receive constitutionally adequate notice and the situations involved do not apply to LeTourneau's case. *See United States v. Barnes*, No. 07 CR. 187, 2007 WL 2119895, at *2-3 (S.D.N.Y. July 23, 2007) (holding a defendant lacked adequate notice when travel occurred prior the Attorney General extending SORNA's requirements to include all sex offenders); *United States v. Smith*, No. CRIMA 207-CR-00082, 2007 WL 1725329, at *4-5 (S.D.W. Va. June 13, 2007) (finding lack of constitutionally adequate notice when defendant arrested on the day the Attorney General extended SORNA). LeTourneau traveled in interstate commerce,

---

[5] LeTourneau also failed to register as a sex offender in Texas. (Docket No. 13). Texas requires all out-of-state sex offenders who move to Texas to register as sex offenders if the elements of their out-of-state conviction would satisfy the elements of a Texas crime that requires registration as a sex offender under Texas law. *See* Tex. Crim. Pro. Art. 62.001(5)(H), 62.501(a)(1). The elements of a Tennessee conviction for Attempted Aggravated Sexual Battery would satisfy the elements of the Texas crime of Attempted Aggravated Sexual Assault. *Compare* TN ST §§ 39-12-101, 39-13-504 *with* Tex. Penal Code § 22.021. A person convicted of the Texas crime of Attempted Aggravated Sexual Assault must register as a sex offender pursuant to Texas law. *See* Tex. Crim. Pro. Art. 62.001(5)(A), 62.051. LeTourneau was, therefore, required to register in Texas as a sex offender upon moving to Texas. LeTourneau, however, failed to register with the Texas authorities. (Docket No. 13).

9

failed to update his registration in Texas or Tennessee, and was subsequently arrested between June and August of 2007. Since these actions all occurred after February 28, 2007, the day when the Attorney General specified SORNA's requirements for sex offender convicted prior to SORNA, the exceptions in *Barnes* and *Smith* do not apply to LeTourneau.

## V. INSUFFICIENCY OF THE INDICTMENT

LeTourneau argues that the indictment failed to allege all elements of the offense charged pursuant to 18 U.S.C. § 2250(a) because it failed to state that he was required to be registered under SORNA "by reason of a conviction under Federal Law . . . ." *See* 18 U.S.C. § 2250(a); (Docket No. 13). He claims that SORNA does not include state sexual offenses as qualifying SORNA sex offenses. (Docket No. 11).

A plain reading of the statute shows that conviction under 18 U.S.C. § 2250(a) requires either a federal sex offense conviction **or** interstate travel after a state conviction requiring registration, not both. *See* 18 U.S.C. § 2250(a). SORNA applies to a defendant with a state law conviction requiring registration as a sex offender who travels in interstate commerce and knowingly fails to register or update his registration as required. *See, e.g., Pitts*, 2007 WL 3353423, at *3.

LeTourneau was charged with being a person required to register under SORNA, who traveled in interstate commerce, and subsequently failed to register as required. (Docket Nos. 5, 13). The indictment sufficiently notified the LeTourneau of the charge against him. (*See* Docket No. 5).

## VI. NON-DELEGATION DOCTRINE

Finally, LeTourneau argues that SORNA improperly delegates legislative powers to the Executive Branch by directing the Attorney General to decide whether and how a sex offender with

10

Case 1:07-cr-00855   Document 25   Filed in TXSD on 01/09/08   Page 11 of 14

a conviction pre-dating SORNA will be subject to its requirements in violation of the non-delegation doctrine. *See* 42 U.S.C. § 16913(d); (Docket No. 11).

Congress clearly set forth the purpose of SORNA in 42 U.S.C. § 16901. *See Lovejoy*, 2007 WL 2812681, at *3; *Mason*, 2007 WL 1521515, at *3. The Attorney General was only given the power "to promulgate regulations under the most limited of circumstances," therefore, the authority Congress delegated to the Attorney General was "no so broad as to be violative of the non-delegation doctrine." *Hinen*, 487 F. Supp. 2d at 752; *see May*, 2007 WL 2790388, at *6, *Loveyjoy*, 2007 WL 2812681, *3; *Mason*, 2007 WL 1521515, at *3.

Every District Court considering whether 42 U.S.C. § 16913(d) violates the non-delegation doctrine have declined to find it an unconstitutional congressional delegation of authority. *See Pitts*, 2007 WL 3353423, at *7-8; *Gill*, 2007 WL 3018909, at *5; *Lovejoy*, 2007 WL 2812681, at *3; *May*, 2007 WL 2790388, at *6; *Kelton*, 2007 WL 2572204, at *1; *Mason*, 2007 WL 1521515, at *3; *Madera*, 474 F. Supp. 2d at 1261. This Court agrees with those holdings that SORNA is not an unconstitutional delegation of power to the Attorney General.

## VII.   CONCLUSION

Having considered LeTourneau's motion to dismiss and the arguments therein, this Court **DENIES** his motion to dismiss the indictment.

Signed this 9th day of January, 2008.

_____
Andrew S. Hanen
United States District Judge

11

# EXHIBIT A

 

**Tennessee Bureau of Investigation**
**Sexual Offender/Violent Sexual Offender Instructions**

### Section 1 – Requirements of the Program.

The Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 was established in T.C.A. 40-39-201 et.seq. and became effective August 1, 2004. All persons who meet the criteria listed below and who live, work, establish a physical presence, or attend school in Tennessee must register with Tennessee's Sexual Offender/ Violent Sexual Offender Registration, Verification and Tracking System (SOR).

### Definitions:

**Sexual Offender--** Means any person convicted in Tennessee (TN) of a sexual offense as defined in T.C.A. 40-39-202, or convicted of an offense in another jurisdiction that if committed in Tennessee would be a sexual offense, who meets any of the conditions below:
1. The conviction occurs on or after January 1, 1995; or
2. The person was convicted prior to January 1, 1995, but remains under supervision of parole, probation or alternative to incarceration on or after January 1, 1995; or
3. The person is discharged from probation, parole, or any other alternative to incarceration on or after January 1, 1995; or
4. The person is discharged from incarceration without supervision on or after January 1, 1995.

**Violent Sexual Offender**- Means any person convicted in TN of a violent sexual offense as defined in T.C.A. 40-39-202, or convicted of an offense in another jurisdiction that if committed in TN would be a violent sexual offense, who meets any of the conditions below:
1. The conviction occurs on or after January 1, 1995; or
2. The person was convicted prior to January 1, 1995, but remains under supervision of  parole, probation or alternative to incarceration on or after January 1, 1995; or
3. The person is discharged from probation, parole, or any other alternative to incarceration on or after January 1, 1995; or
4. The person is discharged from incarceration without supervision on or after January 1, 1995.

Any sexual offender or violent sexual offender who meets any of the conditions above in the Definitions section must register with the TN SOR as follows:
1. An offender who is incarcerated in a state, federal, or private penal facility shall, within 48 hours prior to release, register in person with the warden or warden's designee by completing and signing a TBI Registration Form under the penalty of perjury; or
2. An offender who is incarcerated in a local jail shall, within 48 hours prior to release, register in person with the sheriff or sheriff's designee by completing and signing a TBI Registration Form under the penalty of perjury; or
3. An offender from another state, jurisdiction, or country who has established a primary or secondary residence in TN, or has established a physical presence at a particular location in TN, shall within 48 hours of establishing such residency or presence, register in person with the Police Department (PD) if the primary residence is within city limits or with the Sheriff's Office (SO) if the residence is outside city limits by completing and signing a TBI Registration Form under the penalty of perjury; or
4. An offender from another state, jurisdiction, or country, who is not a resident of TN, shall, within 48 hours of employment, establishing a physical presence, or commencing practice of a vocation in TN, register in person with the PD if the place of employment is within city limits, or with the SO if the place of employment is outside city limits by completing and signing a TBI Registration Form under the penalty of perjury; or
5. An offender from another state, jurisdiction, or country, who is not a resident of TN, shall, within 48 hours of becoming a student in TN, register in person with the law enforcement agency of the institution of higher education or the designated law enforcement agency with jurisdiction over the campus by completing and signing a TBI Registration Form under the penalty of perjury; or
6. An offender from another state, jurisdiction, or country who becomes a resident of TN pursuant to the Interstate Compact Act shall register within 48 hours of entering the state in person with the Board of Probation and Parole (Board) by completing and signing a TBI Registration Form under the penalty of perjury, in addition to the requirements of the Interstate Compact Act and the sex offender directives from the Board.
7. Offenders who do not maintain either a primary or secondary residence shall be considered homeless. Homeless offenders are subject to the registration requirements for the SOR and shall register/report with the appropriate law enforcement agency or BOPP.
8. Offenders who reside in nursing homes and assisted living facilities and offenders committed to mental health institutions or continuously confined to home or health care facilities due to mental and/or physical disabilities are required to register, but are exempt from the in person reporting requirement and from paying the annual administrative fee.

**TBI Registration Form:** The registration form shall be printed from the SOR by the registering agency after the offender is asked in person to provide the requested information. In some cases, the offender shall manually complete the registration form in person at the registering agency, and the registering agency shall enter the information into the SOR within twelve hours.

### Reporting requirements for offenders:

After the offender has registered with the SOR, the offender shall report in person to the designated law enforcement agency as follows: (1) Sexual offenders shall report once a year within 7 days of the offender's birth date (before/after) and pay an administrative fee of $100, and (2) Violent sexual offenders shall report any time during the months of March, June, September, and December and shall pay their administrative fee of $100 at any time during the year. Sexual offenders and violent sexual offenders shall also report in person to their designated law enforcement agency within 48 hours of changing their address, becoming employed, practicing a vocation, establishing a physical presence or becoming a student in TN.

### Reporting requirements for offender who attends, works at, or volunteers at an Institution of Higher Education:

1. The offender shall notify the registering agency (PD/SO for offender's primary residence or probation/parole officer) of each institution of higher education in TN at which the offender is employed, volunteers, or is a student; and
2. The offender shall notify the registering agency of each change in enrollment or employment status at each institution of higher education.
3. If the offender does not have a primary residence in TN, the offender's registering agency shall be the law enforcement agency for the institution of higher education or the law enforcement agency with jurisdiction over the campus.

### Sanctions of the Program:

If an offender knowingly does any of the following, the offender may be prosecuted by the District Attorney General of the appropriate jurisdiction on a Class E felony violation of the registration laws:
1. Failure of an offender to timely register; or
2. Falsification of a TBI registration form; or
3. Failure to timely disclose required information to a designated law enforcement agency; or
4. Failure to sign a TBI registration form; or

5. Failure to pay the annual administrative costs, if financially able; or
6. Failure to timely disclose status as a sexual offender or violent sexual offender to designated law enforcement agency upon re-incarceration; or
7. Failure to timely report to designated law enforcement agency upon release after re-incarceration and following re-entry in TN after deportation; or
8. Failure to timely report to the offender's designated law enforcement agency when the offender moves to another state; or
9. Additionally, if the offender is on probation, parole, or any other alternative to incarceration, failure to comply with the program requirements will constitute sufficient grounds for and may result in the revocation of offender's probation, parole, or other alternative to incarceration.

No person committing such offenses shall be eligible for suspension of sentence, diversion or probation until the minimum sentence is served in its entirety.

Section 40-39-211
While mandated to comply with the requirements of this chapter, no sexual offender or violent sexual offender whose victim was a minor shall knowingly establish a primary or secondary residence or any other living accommodation or knowingly accept employment or knowingly obtain sexual offender treatment or attend a sexual offender treatment program within one thousand feet (1,000') of the property line on which any public school, private or parochial school, licensed day care center, or any other child care facility, public park, playground, recreation center or public athletic field available for use by the general public is located.

No sexual offender or violent sexual offender shall knowingly reside within one thousand feet (1,000') of the property line on which the offender's former victims, or the victims' immediate family members, reside nor shall such offender knowingly come within one hundred feet (100') of any of the offender's former victims, except as otherwise authorized by law.

While mandated to comply with the requirements of this chapter, no sexual offender or violent sexual offender whose victim was a minor shall knowingly establish a primary or secondary residence or any other living accommodation where a minor resides. An offender may reside with a minor if the offender is the parent of the minor, unless one (1) of the following conditions applies:

(1) The offender's parental rights have been or are in the process of being terminated as provided by law, or
(2) Any minor or adult child of the offender was a victim of a sexual offense or violent sexual offense committed by the offender.

However, "parent" shall not include step-parent if the offender's victim was a minor less than thirteen (13) years of age.

Changes in the ownership or use of property within one thousand feet (1,000') of the property line of an offender's primary or secondary residence or place of employment which occur after an offender establishes residence or accepts employment shall not form the basis for finding that an offender is in violation of the residence restrictions of this section.
A violation of this section is a Class E felony.

Removal from Sex Offender Registry:
Violent sexual offenders must remain on the TN SOR for life. These offenders include those who are registered for convictions for:

1. Aggravated rape, under 39-13-502;
2. Rape, under 39-13-503;
3. Aggravated sexual battery under 39-13-504;
4. Rape of a child, under 39-13-522;
5. Aggravated sexual exploitation of a minor under 39-17-1004;
6. Especially aggravated sexual exploitation of a minor under 39-17-1005;
7. Aggravated kidnapping where the victim is a minor under 39-13-304, except when committed by a parent of such minor;
8. Especially aggravated kidnapping where the victim is a minor under 39-13-305, except when committed by a parent of such minor;
9. Sexual battery by an authority figure under 39-13-527;
10. Solicitation of a minor under 39-13-528;
11. Spousal rape under 39-13-507(b)(1);
12. Aggravated spousal rape under 39-13-507(c)(1);
13. Criminal exposure to HIV under 39-13-109(1);
14. Aggravated rape of a child under 39-13-5__;
15. Criminal attempt to commit any of the offenses listed above; or
16. Solicitation under 39-12-102 to commit any of the offenses listed above; or
17. Conspiracy under 39-12-103 to commit any of the offenses listed above; or
18. Facilitating the commission, under 39-11-403, of any of the offenses above; or
19. Being an accessory after the fact under 39-11-411, to any of the offenses above.

After a minimum of 10 years after discharge from active supervision from parole, probation or other alternative to incarceration or no sooner than 10 years from discharge from incarceration without supervision, sexual offenders who do not fall within one of the above categories may file a request for termination of registration requirements with TBI Headquarters, 901 R.S. Gass Blvd., Nashville, TN 37216. If it is determined that the sexual offender has not been convicted of any additional sexual offenses during the 10 year period and the sexual offender has substantially complied with the registration requirements, TBI shall remove the offender's name from the SOR and shall notify the offender that the offender is no longer required to comply with the registration requirements.

A sexual offender, who is required to register, shall continue to comply with the registration, verification, and tracking requirements for life if the offender has one or more prior convictions for a sexual offense or violent sexual offense which occurred prior to the date of the offense for which the offender is currently required to register. Any offender required to register pursuant to this chapter because such offender was convicted of the offense of statutory rape under 39-13-506, and such offense was committed prior to July 1, 2006, may file a request for termination of registration requirements with TBI Headquarters, 901 R.S. Gass Blvd., Nashville, TN 37216, if such offense would not be required to register if such offense was committed on or after July 1, 2006.

TBI Sexual Offender/Violent Sexual Offender Instructions: An officer/employee of the registering agency shall review this form with the offender. The offender must sign the form acknowledging that the program requirements have been explained and that the offender understands the requirements and sanctions resulting from failure to comply with the program.

Acknowledgement:
I acknowledge that I have read or had read to me the registration requirements for TN and that I understand those requirements.

Tommy Letercucou                     [signature]                      6/19/07
Offender's Printed Name              Offender's Signature              Date Signed

Richard H. [signature]               [signature]                       6/19/07
Officer's Printed Name               Officer's Signature               Date Signed

Updated 7/01/06